CASE 108—ACTION FOR DAMAGES FOR INJURY CAUSING DEATH—JUNE 14.

# Louisville & Nashville R. R. Co. v. Adams' Administrator.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. NEGLIGENCE—DUTY OF ENGINEER TO ANTICIPATE DANGER OF BRAKE-MAN.—When an engineer is backing his train for the purpose of having a coupling made, it is his duty to look out for danger in his rear and watch the movement of the brakemen and use reasonable care and diligence in ascertaining any danger to which the latter may be subjected, and if he fails to do so and the brakeman loses his life by reason of such failure, the company is liable.

2. CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—The court in such an action properly instructed the jury that although they might believe from the evidence that the engineer was grossly negligent in backing his train at an unusual rate of speed, yet they should find for the defendant if they believed from the evidence that the deceased was ordinarily negligent either (1) in undertaking to make a coupling, or (2) in standing with one foot between the rails and that such position was a want of ordinary prudence on his part, or (3) in attempting to make the coupling at a time when the cars were in motion, knowing the same to be more than ordinarily dangerous, or (4) that for the position of making the coupling the deceased entered between the cars from the left side of said train when such entry was a want of ordinary prudence.

H. W. BRUCE FOR THE APPELLANT.

1. The instruction as to contributory negligence was fatally erroneous. The instruction tells the jury that "if the engineer knew, *or might by the exercise of reasonable diligence* have known the position and conduct of Adams, they can not find for defendant on the ground of Adams' negligent position." The instruction is erroneous by reason of inserting the words in italics.   Johnson's Admr. v. L. & N. R. R. Co., 91 Ky., 653.

2. The verdict is flagrantly against the evidence.

3. The proof shows contributory neglect.

4. In view of the rules governing the action of brakemen in making couplings, it was error to admit testimony showing that it was safer to couple by hand.

EDWARD W. HINES IN A SUPPLEMENTAL BRIEF FOR APPELLANT.

1. The petition fails to allege that the negligent servants were superior in authority to plaintiff's intestate; and unless there was such superiority, there can be no recovery.   Volz v. C. & O. Ry. Co., 95 Ky., 188.

2. There is no direct allegation imputing negligence to the servants of the defendant.   The allegation that "the injury and death was caused by the gross negligence of the defendant, its agents and servants in charge of the train" is a mere inferential allegation of negligence.

3. The instruction defining the duty of defendant to the plaintiff is erroneous in that it does not require the jury in order to find for the plaintiff to believe that the speed at which the train was backing caused the injury. It was erroneous also in submitting the question of punitive damages.   McHenry Coal Co. v. Snedden, 17 Ky. Law Rep., 1261. If any instruction authorizing punitive damages was proper, the instruction given was misleading.

4. The measure of compensatory damages was also erroneous. L. &
   N. R. R. Co. v. Eakins' Admr., 45 S. W. R., 529.
5. The second instruction was erroneous in directing the jury to
   find for plaintiff notwithstanding his contributory negligence if
   they believed that the engineer knew, or might by the exercise
   of reasonable diligence have known the position and conduct of
   Adams, as therein set forth, in time to have avoided running
   the cars against him by the use of such available means as
   were at hand at the time. There is no evidence tending to show
   that after Adams was placed in peril, any amount of care could
   have prevented injury.

W. G. WELCH FOR THE APPELLEE.                                    •

1. The verdict is sustained by the evidence. This court will not
   invade the peculiar province of the jury unless the verdict be
   clearly and flagrantly against the evidence. Varble v. Bigley, 14
   Bush, 698; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327.
2. The plaintiff's denial of the defense of contributory neglect was
   a valid denial of all but the act itself. Cincinnati, &c., R. Co.
   v. Barker, 94 Ky., 77; Ency. of Pld. & Pr., vol. 1, p. 798, note 3.
   The reply specifically denies that the plaintiff was guilty of any
   act of negligence contributing to the injury complained of. This
   made a complete and perfect issue on that subject. C. & O. Ry.
   Co. v. Smith, 39 S. W. R., 833; L. & N. R. R. Co. v. Wolfe, 80
   Ky., 84. Were it otherwise, however, the defect is cured by the
   verdict. Woodcock v. Farrell, 1 Met., 443; Stevens on Pl., pp.
   147-8-9; Drake's Admr. v. Semonin, 82 Ky., 291.
3. It was incompetent to permit plaintiff to prove the danger of
   coupling by hand as compared with that by using a coupling-
   stick. L. & N. R. R. Co. v. Foley, 94 Ky., 229.
4. The court did not err in instructing the jury. The language of
   the instruction italicized by counsel for appellant and complained
   of is not objectionable. Shearman & Redfield on Negligence
   (4th ed.), vol. 1, secs. 99 and 100.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Whilst coupling cars in the service of the appellant, the
appellee's intestate received injuries from which he died.
This action, brought by his administrator to secure dam-
ages for his death, resulted in a verdict and judgment for
$5,000; hence this appeal.

The evidence is abundant that the moving cars which

were backed upon the standing, or dead one, for the pur-
pose of effecting the coupling were moved back at an un-
usual speed and came upon the standing car "with a ter-
rible crash," as put  by one witness, and with the "loudest
noise" ever heard in such work, as said by another, who had
lived in the vicinity for nearly twenty years, and had seen
such work night and day.   Others, who lived from seven-
ty-five to two hundred and seventy-five yards away, were
"alarmed" at the noise of the collision.

The   chief   defense   was   the   plea   of   contributory
negligence  on  the  part  of  the  decedent.  The issues
on  this  behalf,  as  well  as  on  the  whole  case,
were   very   lucidly   submitted   to   the   jury   by   the
learned   trial   judge.   The   real   points   of   the defense
are  thus  submitted:   "If  you  believe  from  the  evidence
in  the  case  that  (1)  the  deceased  undertook  to  make  a
coupling  between  the  moving  and  the  dead  cars  without
using  a  coupling  stick,  and  that  such  omission  of  this
stick  was  a  want  of  ordinary  care  or  prudence  for  his  own
safety;  or  (2)  that  in  attempting  to  make  the  coupling  the
deceased  stood  with  one  foot  between  the  rails,  and  that
such  position  was  a  want  of  ordinary  prudence  for  his
own  safety;  or  (3)  that  in  attempting  to  make  the  coup-
ling  the  decreased  did  so  at  a  point  of  time  when  the  cars
were  in  motion, and  that  he  knew or  had reasonable grounds
to  know  that  this  was  more  than  ordinarily  dangerous;
or  (4)  that  for  the  purpose  of  making  the  coupling  the
deceased  entered  between  the  cars  from  the  left  side  of
the  train,  when  the  entry  from  the  left  side  was  a  want
of  ordinary  prudence  for  his  own  safety,—then,  on  either
of  such  states  of  fact,  the  deceased  was  guilty  of  ordinary
neglect  of  means  and  opportunities  for  his  own  safety.
So,  therefore,  you  are  further  instructed  that,  although
you  may  believe  from  the  evidence  that  defendant's  en-

Louisville & Nashville R. R. Co. v. Adams' Admr.

gineer was grossly negligent in the respects mentioned in the first instruction (that is, in moving the cars back at the unusual rate of speed), yet if you further believe from the evidence that the deceased was ordinarily negligent of his own safety in any or all of the respects set forth in this instruction, and that the injury to him would not have happened if he had not been, then you will find for the defendant, unless you further believe that the engineer knew, or might by the exercise of reasonable diligence have known, of the position and conduct of Adams, as herein set forth, in time, to have avoided running the cars against him by the use of such available means as were at hand at the time, in which latter state of case you can not find for the defendant on the grounds of Adams' negligent position or conduct."

It seems to us that these instructions covered fully the grounds of the defense, and stated the case very favorably for the company.

It is contended that the engineer was not bound to exercise reasonable diligence to know the dangerous position of the brakeman; but have actual knowledge of it, and fail to use reasonable effort to arrest the danger, before a recovery can be had on this branch of the case. But, while this is the rule generally as to trespassers and wrongdoers, it does not apply to a case when the engineer is backing his train for the purpose of having a coupling made. In that state of case, it is his duty to look out for the danger in his rear, and watch the movements of the brakeman, and use all reasonable care and diligence in ascertaining any danger in which the brakeman may be placed. L. & N. Railroad Co. v. Earl's Adm'x, 94 Ky., 375, [22 S. W., 607].

We perceive no error in the case, and the judgment is therefore affirmed.